IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIELLE D. MCNEAL, #2025872,<br>   Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,<br>   Respondent. | §<br>§<br>§<br>§  CIVIL NO. 3:18-CV-1974-L-BK<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, the habeas corpus petition should be **DENIED**.

### I.  BACKGROUND

A jury convicted Petitioner Kielle D. McNeal of manslaughter and sentenced him to 26 years' imprisonment. Doc. 15-12 at 31. The Fifth Court of Criminal Appeals affirmed McNeal's conviction on November 8, 2016. *See* http://www.search.txcourts.gov/Case.aspx?cn=05-15-01014-CR&coa=coa05 (last visited on Jan. 7, 2019). McNeal did not file a petition for discretionary review. On November 6, 2018, the Texas Court of Criminal Appeals (TCCA) denied state habeas relief without written order on the findings of the trial court without a hearing. *Ex Parte McNeal*, No. WR-81,623-02. Doc. 16-14.

McNeal timely filed this Section 2254 petition on July 31, 2018. Doc. 3. He alleges that his trial counsel provided ineffective assistance and that the prosecution withheld exculpatory

evidence. *Id*. Respondent argues McNeal does not qualify for relief. Doc. 17. McNeal did not file a reply.

## II. FEDERAL HABEAS PROCEEDINGS

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. When reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Federal habeas corpus relief for state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The provisions of Section 2254(d) provide that an application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *see Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond

any possibility for fair-minded disagreement. *Harrington v. Richter*, 562 U.S. 86,102-03 (2011). A petitioner must show there was no reasonable basis for the state court to deny relief. *Id.* at 98.

A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002). A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5thCir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

A state court's factual findings "shall be presumed to be correct" unless petitioner carries the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness also applies to unarticulated findings that are necessary to the state court's conclusions of mixed law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001).

### III.   CLAIMS

A. Ineffective Assistance of Counsel

McNeal alleges his counsel provided ineffective assistance by failing to conduct a meaningful investigation. Specifically, McNeal argues his counsel failed to adequately investigate medical records and medical professionals regarding a notation in the victim's medical records that the victim died from a self-inflicted wound to the chest. Doc. 4 at 4-5.

To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. 668, 687. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 688. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that "under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U. S. at 694. Petitioner must "affirmatively prove, not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id*. at 691. Additionally, "[t]he likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

In addition, the Court reviews claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance, [under *Strickland v. Washington*, 466 U.S. 668, 689 (1984)], through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by Section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101. Finally, allegations of a counsel's failure to investigate must state with specificity what the investigation "would have revealed and how it would have altered the outcome of the trial." *See Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000).

In support of his claim that counsel failed to adequately investigate documents referring to the victim's wound as self-inflicted, McNeal provides records from medical emergency personnel that transported the victim to the hospital from the scene of the shooting, and emergency room and death records for the victim. Doc. 4 at 42-48. These documents state that the victim suffered from a "self-inflicted gun-shot wound." *Id.* McNeal vaguely argues that his counsel could have used the medical records to impeach government witnesses or create a viable defense strategy. *Id*. at 4-10. McNeal also provides a note from the jury during deliberations, requesting clarification of those records. *Id*. at 50.

Considering the testimony at trial, McNeal fails to demonstrate a reasonable probability that, but for counsel's alleged failure to further investigate the victim's medical and death records, and the medical personnel involved, the result of the proceeding would have been different. *Id*. at 694. At trial, at least three eyewitnesses testified that McNeal shot the victim. Doc. 15-4 at 16-17, 31, 36. Additionally, David Spence, a supervisor in the Trace Evidence Section of the Southwest Institute of Forensic Sciences, testified that the victim was shot from a distance of at least three to five feet. Doc. 15-5 at 34. Finally, the medical examiner who performed an autopsy on the victim determined the cause of death to be homicide. Doc. 15-5 at 38-39.

Furthermore, McNeal's attorney averred in his affidavit filed in the state habeas proceedings:

> My name is Paul J. Johnson. I am an attorney licensed to practice in the State of Texas since 1984. I am a former prosecutor, having worked several years in the Dallas County District Attorneys' office. Since that time I have worked solely as a criminal defense attorney, primarily involved in felony cases and felony trials, including several death penalty trials. I represented Mr. McNeal in the retrial of the above described cause in which he now claims ineffective assistance of counsel.

5

> I can unequivocally state that Mr. McNeal was vigorously and effectively represented at all stages of his retrial. He had previously been convicted of Murder and received a sentence of 50 years with different trial counsel. Upon reversal of that conviction, I was appointed to represent him on the retrial. He was convicted of Manslaughter and was sentenced to 26 years.
>
> Mr. McNeal was extremely difficult to deal with throughout my representation. I met with him on many occasions and discussed all aspects of his case, including the issues that arose in his first trial. I thoroughly investigated and reinvestigated all factual aspects of the case and had the benefit of the transcript from the previous trial.
>
> ***
>
> His second complaint is that I failed to conduct a meaningful investigation of the facts of his case. As stated earlier, this was a retrial of a case in which Mr. McNeal had previously testified at length about all of the events leading up to his shooting of the complainant. He has never denied that he shot the complainant. His defense wavered from self defense to accidental discharge of the weapon. He now says that "experts" in the case came to the conclusion that the gunshot wound was self-inflicted. That is ludicrous. What he refers to is a single line in the care-flight operators report that the wound was self-inflicted, which was obviously erroneous and never in contention. This reference was restated in a hospital admissions entry, but at no time did any medical professional ever investigate or come the conclusion that the wound was actually self inflicted. In fact, at trial an expert witness testified that the range of fire was distant, thus ruling out any claim that the wound was self-inflicted. This information was known to me at all times and as Mr. McNeal states in his writ, I used other information in the same documents to bolster his defensive claims.
>
> ***
>
> In conclusion, it is my belief that I was more than effective in my representation of Mr. McNeal. His retrial resulted in his being found guilty of a lesser charge and he received a sentence substantially lower than he was serving from his first conviction.

Doc. 16-29 at 4-5.

The state habeas court made the following determinations:

15. The Court notes that Applicant has not proven that his trial counsel's investigation was ineffective under *Strickland.*

16. The Court notes that a necessary facet of professional assistance is the investigation of the facts and law applicable to a case. *Ex Parte LaHood,* 401

S.W.3d 45, 50 (Tex.Crim.App.2013). Counsel has a duty in every case to make a reasonable investigation or a reasonable decision that an investigation is unnecessary. *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066; *see also Ex Parte lmoudu,* 284 S.W.3d 866, 870 (Tex.Crim.App.2009). When assessing the reasonableness of an attorney's investigation, a court considers the quantum of evidence already known to counsel and whether the known evidence would lead a reasonable attorney to investigate further. *Ex Parte Martinez,* 195 S.W.3d 713, 721 (Tex.Crim.App.2006).

17. The Court notes that when an Applicant raises the claim that counsel was ineffective for failing to investigate, he must show what a more in-depth investigation would have shown. *Mooney v. State,* 817 S.W.2d 693, 697 (Tex.Crim.App.1991).

18. This Court finds that Mr. Johnson's affidavit reflecting that he was aware of a single line hospital report that referenced a self-inflicted wound, that he used information from the document to bolster Applicant's defense and that Applicant never denied shooting complainant is worthy of belief.

19. The Court finds that after review of the record testimony, Mr. Johnson's affidavit response, the testimony of the expert witness regarding the range of fire, that Applicant has failed to plead and prove that counsel's performance was deficient or that the outcome would have been different but for counsel's performance.

20. The Court finds that Applicant's claim is without merit and is herein denied.

Doc. 16-28 at 17-18.

On the record before this Court, McNeal has failed to demonstrate the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03 (2000). He fails to show there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98. Accordingly, McNeal's claim of ineffective assistance of counsel should be denied.

B. <u>Suppression of Exculpatory Evidence</u>

McNeal alleges the prosecution withheld exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, McNeal alleges the prosecution withheld the

7

medical records generated by medical emergency personnel that attended to the victim (previously referenced), and a Record of Death document for the victim. Doc. 4 at 10. He alleges the records are exculpatory in that they state the victim died from a self-inflicted gunshot wound. *Id.*

To prevail on a suppression of evidence claim, a habeas petitioner must prove that: (1) the prosecution suppressed evidence; (2) the evidence was favorable; (3) the evidence was material either to guilt or punishment; and (4) the alleged favorable evidence was not discoverable through due diligence. *Brady*, 373 U.S. at 87; *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 109–10 (1976).

The rule in *Brady* is not violated "if the defendant, using reasonable diligence, could have obtained the information." *Williams v. Scott*, 35 F.3d 159, 163 (5th Cir. 1994). There is no obligation for the prosecution "to produce evidence or information already known to the defendant, or that could be obtained through the defendant's exercise of reasonable diligence." *Castillo v. Johnson*, 141 F.3d 218, 223 (5th Cir. 1998).

Here, the record clearly demonstrates that McNeal's counsel new of the medical records. In his affidavit in the state habeas proceeding counsel stated he was aware of the records "at all times and . . . used other information in the same documents to bolster [McNeal's] defensive claims." Doc. 16-29 at 4. Even if McNeal's attorney had not known of the medical records, he

8

certainly could have obtained them using reasonable diligence. Thus, McNeal has failed to demonstrate the prosecution improperly withheld exculpatory evidence. See *Castillo*, 141 F.3d at 223.

> In denying this claim, the state habeas court held:
>
> 30. The Court notes that the state has a duty to disclose all material, favorable evidence to the defense. *Brady v. Maryland,* 373 U.S. 83, 87 (1963).
>
> 31. The Court notes that to establish a *Brady* claim, an applicant must demonstrate (1) the State suppressed evidence, (2) the evidence was favorable to the defense, and (3) the evidence was material. *United States v. Bagley,* 473 U.S. 667, 682 (1985).
>
> 32. The Court notes that trial counsel stated in his affidavit that the information regarding a line in a hospital report referencing a self-inflicted wound was known to him at all times and that he used information from the same documents to bolster the Applicant's claims.
>
> 33. The Court finds that the Applicant has failed to plead and prove by a preponderance of the evidence that the State suppressed evidence of hospital records concerning complainant suffering from a self-inflicted wound.
>
> 34. The Court finds that Applicant's claim is without merit and is herein denied.

Doc. 16-28 at 20; Doc. 16-29 at 1.

On the record before this Court, McNeal has failed to demonstrate that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03 (2000). He fails to show there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98. Accordingly, McNeal's claim that the prosecution improperly withheld exculpatory evidence should be denied.

## IV.   CONCLUSION

For the foregoing reasons, McNeal's petition for writ of habeas corpus should be **DENIED**.

**SO RECOMMENDED** on January 7, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).