# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **KIELLE D. MCNEAL,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **Civil Action No. 3:18-CV-1974-L-BK** |
| | § | |
| **LORIE DAVIS, Director TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Kielle D. McNeal's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 3), filed July 31, 2018; and Lorie Davis's ("Respondent") Response (Doc. 17), filed November 6, 2018. On January 7, 2019, United States Magistrate Judge Renée Harris Toliver entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), recommending that the petition be denied for failure to make a substantial showing of the denial of a federal right regarding his claims for ineffective assistance of counsel and a *Brady* violation. On January 18, 2019, Petitioner mailed his Objections to the Court (Doc. 19).

## I. Objection to the Magistrate Judge's Denial of Petitioner's Ineffective Assistance of Counsel Claim

Petitioner objects to the magistrate judge's denial of his ineffective assistance of counsel claim because he contends that the state court's decision in denying his writ petition "was based on an unreasonable determination of facts in light of the record, and exhibit." Doc. 19 at 3. Petitioner first contends that "his trial counsel's affidavit is not sufficient to determine whether he provided effective assistance of counsel, for his failure to conduct a meaningful thorough

investigation into the facts of the case" and cites as support the Texas Court of Criminal Appeals case *Ex parte Patterson*, 993 S.W.2d 113 (Tex. Crim. App. 1999). Doc. 19 at 2-3. Second, Petitioner contends that the state court's application of *Strickland v. Washington*[1] was unreasonable based on: (1) trial counsel's failure to interview and investigate the medical professionals who stated that the victim died from a self-inflicted gun shout wound and (2) trial counsel's failure to conduct a pretrial interview of the expert witness who testified that the range of fire was distant. Doc. 19 at 5. Petitioner contends that counsel's failure to investigate "was not part of a calculated trial strategy but is likely the result of either indolence or incompetence." Doc. 19 at 6. Petitioner's objections do not specifically address the magistrate judge's findings but, rather, restate the bases for his claim.

Petitioner's objection to the denial of his ineffective assistance of counsel claim is **overruled**. The magistrate judge concluded that, pursuant to *Strickland*, Petitioner failed to demonstrate that, had his counsel investigated the basis for the notation in the record regarding the self-inflicted gunshot wound, the result of the proceeding would have been different. In making this determination, the magistrate judge pointed to evidence presented at trial proving that Petitioner fired the weapon that killed the victim, including at least three eyewitness accounts, an expert witness who testified the victim was shot from a distance of at least three to five feet, and testimony from the medical examiner who performed the autopsy confirming that the victim's cause of death was homicide. Doc. 18 at 5.

Petitioner's Objections do not address or challenge the reliability of this evidence heard by the jury that found him guilty. Moreover, the jury was aware that medical records existed that initially listed the cause of death as a self-inflicted gunshot wound, as evidenced by the jury's note

---

[1] 466 U.S. 668 (1984).

submitted during deliberations requesting clarification of those records. Doc. 18 at 5. Petitioner, further, does not allege with specificity what an investigation into these medical records would have revealed and how it would have affected the weight of the other evidence establishing his guilt. *Trottie v. Stephens*, 720 F.3d 231, 243 (5th Cir. 2013) ("Moreover, a defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.") (citation and quotation marks omitted).

The magistrate judge reviewed the state habeas court's findings of fact and conclusions of law and determined that Petitioner failed to demonstrate that these findings were unreasonable in light of clearly established federal law or the record. The court agrees. The state habeas court determined that Petitioner had failed to demonstrate that, pursuant to *Strickland*, his counsel's performance was deficient. The state habeas court reviewed the record testimony and trial counsel's affidavit and, after determining the affidavit was credible, found that trial counsel's investigation was not ineffective. In reaching its decision, the state habeas court cited Texas case law that holds "[w]hen assessing the reasonableness of an attorney's investigation, a court considers the quantum of evidence already known to counsel and whether the known evidence would lead a reasonable attorney to investigate further." *Ex Parte Martinez*, 195 S.W.3d 713, 721 (Tex. Crim. App. 2006). The court noted that trial counsel was aware that medical records initially listed the victim's cause of death as a self-inflicted wound, and he did not further investigate those records because Petitioner never denied that he shot the victim. Doc. 18 at 6-7 (quoting Doc. 16-28 at 17-18 and Doc. 16-29 at 4-5). Petitioner, during the course of the trial and retrial of his case, alternately contended that he shot the victim out of self-defense and that he accidentally discharged the weapon. Doc. 18 at 6-7 (quoting Doc. 16-29 at 4-5).

**Order – Page 3**

"Trial counsel is entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies." *Trottie*, 720 F.3d at 243 (citing *Harrington v. Richter*, 131 S. Ct. 770, 789 (2011)) (quotation marks omitted). "The failure to present a particular line of argument or evidence is presumed to have been the result of strategic choice." *Id*. (citation and quotation marks omitted). Petitioner fails to present any specific allegations that lead the court to question the presumption of reasonableness afforded to his trial counsel's strategic choice not to investigate the possibility that the victim died of a self-inflicted gunshot wound. Aside from the cursory notes entered in the victim's Careflight and Parkland Hospital medical records, Petitioner alleges no facts in support of his theory that the victim might have shot himself, and, therefore, the court has no basis to question his counsel's determination that this particular line of defensive strategy or evidence warranted an investigation.

As evidenced by the decisions of the magistrate judge and state habeas court, Petitioner's ineffective assistance of counsel claim should be denied based on both the record at trial and trial court's affidavit, which the state habeas court determined was credible. Petitioner's assertion that the denial of his claim is solely based on his trial counsel's affidavit is, thus, without merit. The opinion cited by Petitioner, *Ex parte Patterson*, involved a situation where the trial court based its denial of a state habeas petition solely on counsel's affidavit, and the affidavit *was not supported by the record*. 993 S.W.2d at 115. The court referenced a part of the affidavit in which trial counsel discussed his "routine practice" with clients generally—rather than the specific actions he took with respect to his client in that case. *Id*. The court held that the applicant "alleged facts that, if true, might entitle him to relief." *Id*. Such is not the case here, where Petitioner's counsel discussed with specificity the evidence known to him during the case that led him to rule out the possibility that the victim's wound was self-inflicted. Doc. 16-29 at 4. Petitioner, moreover, has not alleged

any facts—aside from the existence of the medical records—which lead the court to believe he is entitled to relief. Accordingly, his objection to the magistrate judge's denial of his ineffective assistance of counsel claim is **overruled**.

**II.**     **Objection to the Magistrate Judge's Denial of Petitioner's** *Brady*[2]  **Claim**

Petitioner, in his second and final objection, objects to the magistrate judge's denial of his *Brady* claim. Petitioner contends that "the Court suppressed the medical report" because at no point during the trial was there any mention of the report's note regarding a self-inflicted gunshot wound, and the jury's discovery of this note "confused" them. Doc. 19 at 7. Petitioner's argument does not raise a *Brady* violation, which requires that a habeas petitioner show that the prosecution (and not a court) suppressed favorable evidence material to guilt or punishment, and that the alleged favorable evidence *was not discoverable through due diligence*. *Brady*, 373 U.S. at 87. As noted by the magistrate judge, Petitioner's counsel was aware of the medical records throughout his representation of Petitioner and prior to trial, and, even if he had not been, the records were obtainable through reasonable diligence. Petitioner's Objection does not properly challenge the magistrate judge's findings. Accordingly, his objection to the denial of his Brady claim is **overruled**.

Having reviewed the record in this case, Report, and applicable law, and having conducted a de novo review of the Report to which objections were made, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, the court **denies** Petitioner's Petition for Writ of Habeas Corpus (Doc. 3) and **dismisses with prejudice** this action for failure to make a substantial showing of the denial of a federal right.

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability.[3] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed in forma pauperis on appeal.

**It is so ordered** this 31st day of January, 2019.

Sam A. Lindsay
United States District Judge

---

[3] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

(a)    Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b)    Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.